OPINION OF THE COURT
Edward H. Lehner, J.
Plaintiff instituted this action by moving for summary judgment pursuant to CPLR 3213 to recover on a teller’s check of the defendant dated October 9,1980 payable to the plaintiff, payment on which had been stopped by defendant. Defendant has cross-moved for summary judgment.
A customer of plaintiff purchased a television set to be delivered to his home. The policy of plaintiff was stated to be that on a delivery a truck driver was required to obtain payment by “official bank check, certified check or teller’s check”. Plaintiff claims that on or about October 9 its driver received the teller’s check upon delivery of said merchandise.
The check was stopped by defendant because it was amongst 1,000 blank teller’s checks which defendant alleges were “lost or stolen prior to or during shipment to Bowery”. No facts are set forth as to how, where or when the theft occurred; whether such incidents had occurred in the past; what precautions are taken by the bank to avoid such an occurrence; nor what publicity it gave to let others *1072 know of the theft of such a large number of checks. The bank claims that the signature on the check on the line above the word “teller” of a “Jerry Smith” is not that of any of the employees.
ANALYSIS
Subdivision (1) of section 3-401 of the Uniform Commercial Code provides: “No person is liable on an instrument unless his signature appears thereon.” Section 3-404 of the Uniform Commercial Code states that “[an] unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it”. The reference to “unauthorized signature” in the above section includes forgery. (Uniform Commercial Code, § 1-201, subd [43].)
Thus, if as appears, the signature on the teller’s check is a forgery, under the foregoing sections, the bank should not be liable on the instrument. However, the question that arises is whether under some concept of law the defendant should be precluded from denying that the signature was unauthorized.
Plaintiff’s argument that the rule prohibiting the stopping of a teller’s check except by court order (Dziurak v Chase Manhattan Bank, N.A., 58 AD2d 103) mandates recovery in its favor lacks merit. Such rule only applies if the check were in fact issued, which allegedly did not occur here because of the forgery of the signature of the drawer.
Authority dealing with traveler’s checks (First Nat. City Bank v American Broadcasting Co., 68 Misc 2d 861) is similarly not on point as such checks do contain a signature of the issuer.
Plaintiff argues that a teller’s check is considered in the business world as the equivalent of cash and if “subject to the same vagaries as a personal check, commerce in a great many areas would grind to a halt”. Although it may be true that such checks are so treated, the legal effect of delivery of a forged teller’s check may be paralleled to the delivery of counterfeit cash. In neither case does the deliveree acquire a claim against the issuer (the bank or the Government). Teller’s checks are obviously more secure, if duly authorized, than most personal checks as the resources of *1073 the bank are available for payment with the result that, except in a case of a bank failure, there is no problem of a teller’s check being dishonored for insufficient funds. Moreover, payment of such checks, if validly issued, may not be stopped. Thus, although a teller’s check is obviously much safer to accept than a personal check, they are not 100% safe as a payee is subject to the defense of forgery. As a consequence of the forgery, I find that plaintiff is not entitled to summary judgment. But that does not mean that defendant is entitled to have its cross motion granted.
Section 3-406 of the Uniform Commercial Code provides that any person “who by his negligence substantially contributes to * * * the making of an unauthorized signature is precluded from asserting the * * * lack of authority against a holder in due course”. Subdivision 2 of section 3-302 of the Uniform Commercial Code provides that a payee, such as plaintiff, may be a holder in due course.
Comment 7 to section 3-406 states that “no attempt is made to specify what is negligence, and, the question is one for the court or the jury on the facts of the particular case.”
Since, as pointed out above, defendant offers no explanation as to how the alleged theft occurred, the circumstances surrounding it and what precautions it took to avoid the occurrence and to prevent damage to third parties, a triable issue of fact is presented with respect to the possible negligence of the bank that, if proved, would prevent it from asserting the lack of authority of the person who signed the teller’s check.
Accordingly, both the motion and cross motion are denied.